# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60587-2-II |
| Respondent, | |
| v. | |
| JAMI JEAN WILKINS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jami J. Wilkins appeals the superior court's order for restitution, arguing that the restitution amount imposed by the court was not supported by the evidence. Wilkins also argues that the order miscalculated the total amount of restitution based on the amounts awarded by the superior court. The State argues that the restitution amount imposed by the superior court is supported by the evidence but concedes that the total amount was miscalculated on the order setting restitution. We affirm the restitution amount set by the superior court, but we remand to the superior court to correct the scrivener's error on the order setting restitution.

FACTS

In October 2024, Wilkins pleaded guilty to two counts of third degree assault and one count of violation of an anti-harassment protection order. As part of the plea agreement, Wilkins agree to pay restitution for damage from both charged and uncharged counts. The restitution hearing was held on February 19, 2025.

At the restitution hearing, Lindsey Smith testified that in September 2024 Wilkins caused damage to her property resulting in multiple criminal charges. Specifically, Smith explained that

Wilkins tore up two 60-foot rows of large sunflowers, broke a ladder, and threw rocks at their house. Smith obtained an estimate from a landscaping company "for the yard clean-up, the removal of the sunflowers, putting the rocks back where they were, replacing the cedar tree that [Wilkins] broke, planting the sunflowers back, the compost soil, the labor and materials involved." 6 Verbatim Rep. of Proc. (VRP) at 2506. The estimate Smith obtained was $1,136.10.

Smith also testified that the sunflowers that had been destroyed were planted as a sunflower tunnel: "two 60' stretches of sunflowers on either side of our sidewalk, about 12 to 15' tall." 6 VRP at 2506. Smith explained that sunflowers of that size could not easily be replaced, but potted sunflowers were roughly $20 to $26 each and they had approximately 60 sunflower plants that were destroyed. In addition to the sunflowers, Wilkins also uprooted pea plants that had been growing at the base of the sunflowers. A packet of pea plant seeds cost $4.98 per packet. Smith estimated they had approximately 30 to 50 pea plants, which was about four or five packets of seeds. Based on pictures of the damage, Wilkins challenged Smith's estimate that 60 sunflowers had been damaged.

Wilkins also damaged an aluminum ladder. Smith found a ladder that was the same size and brand that was priced at $250.

Wilkins testified that she only damaged about 10 to 15 sunflower plants. Wilkins stated that there were "definitely not" 60 sunflower plants. 6 VRP at 2520.

The State argued that restitution should include the value of 60 sunflower plants at $20 per plant, as well as the estimate for the yard clean-up and the replacement cost of the ladder. The State also argued that the landscaping estimate was for the labor of replanting the replacement plants but did not include the cost of the plants themselves. And the State requested restitution for 50 pea plants at $5 per plant. The State contended that Smith's testimony established these

amounts by a reasonable certainty. The State calculated the total amount of restitution requested at $2,973.46.

Wilkins argued that the pictures clearly showed that there were significantly fewer than 60 sunflower plants. Wilkins also argued that because the landscaping estimate stated it included labor and materials, it already included the replacement sunflower plants. Wilkins contended that the maximum amount that should be awarded related to the sunflowers was $1,136.10. Wilkins further argued that only five packets of seeds would be reasonable to reestablish the damaged pea plants, which totaled $25.

In its oral ruling, the superior court found that the landscaping estimate did not include the cost of the sunflower plants:

> But nevertheless, despite counsel's argument, I take their estimate here to be—even though it says labor, materials and hauling away the waste—I agree that's what it says. But certainly I—I—I think common sense tells us here that it doesn't include the cost of plants. It doesn't indicate that it includes the cost of plants. I don't view that as materials in this type of a landscaping estimate. And so I don't take this to indicate that that includes them replacing each of them. It's planting back—or the sunflower back. So despite the grammatical error, they're basically saying the cost here is for our labor to plant replacement sunflowers. That's how I read that. I think that's a reasonable inference, and it's a sufficient basis for estimating the loss. So I'm granting that part of the request in full there, as that would be an expense.

6 VRP at 2525-26. The superior court also found Smith's claim that there were 60 sunflower plants credible and granted the requested restitution for the plants:

> Same thing with the cost of the sunflowers. There's a dispute there as to what the photographs—whether they support 60 independent stalks. My understanding is she testified that there was roughly 60', so there—one on—sunflowers on each side, so you can't see all the heads, you can't see all the stalks, it's all in a pile. And again, the question is—is whether or not this is credible evidence that, you know, affords a reasonable basis for estimating the loss here. So her estimate is 60 plants.
> Again, you know, using the—the timber trespass law as kind of an equivalent here. I mean you can't replace a mature tree because people don't sell,

3

you know, 100' old cedar trees or other things like that. You can only can [sic] buy certain levels of trees, which is why there's trebled damages. This isn't a trebled damages situation, but you can't replace and find a specific value of that stalk because you just can't buy, you know 6' sunflower stalks that have been nurtured and grown.

So certainly here, I believe her claim that there was roughly 60 plants at $20 plus tax a pop. Again, I'm rounding numbers here, but I think that's reasonable and related here. So I'll grant that.

6 VRP at 2526-27. The superior court found that the replacement cost of the ladder was appropriate for determining restitution and granted that request as well. Finally, the superior court agreed with Wilkins that 50 seed packets were not reasonable to replace 50 pea plants and limited the restitution award to five seed packets at $4.98 each.

The superior court entered an order setting restitution in the amount of $2,839.21. Wilkins appeals.

ANALYSIS

A.    RESTITUTION AMOUNT

Wilkins argues that the evidence does not support the amount of restitution imposed because the landscaping estimate demonstrated that replacement of the sunflowers was already included in the estimate and the evidence did not establish that 60 sunflowers were damaged. We disagree.

We review the superior court's order on restitution for an abuse of discretion. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). "'We will reverse such an order only if it is manifestly unreasonable or the sentencing court exercised its discretion on untenable grounds or for untenable reasons.'" *State v. Woods*, 90 Wn. App. 904, 906, 953 P.2d 834 (quoting *State v. Hunotte*, 69 Wn. App. 670, 674, 851 P.2d 694 (1993)), *review denied*, 136 Wn.2d 1021 (1998).

4

The superior court's authority to impose restitution is derived from statute. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The superior court must order restitution "whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." RCW 9.94A.753(5).

The amount of restitution must be based on "easily ascertainable damages" for loss of property. RCW 9.94A.753(3)(a). The loss must be supported by "'substantial credible evidence.'" *Griffith*, 164 Wn.2d at 965 (quoting *State v. Fleming*, 75 Wn. App. 270, 274-75, 877 P.2d 243 (1994)). If the defendant disputes the amount of restitution, the State bears the burden of proving the damages by a preponderance of the evidence. *Id.* "'Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *Id.* (internal quotation marks omitted) (quoting *State v. Hughes*, 154 Wn.2d 118, 154, 110 P.3d 192 (2005)).

First, the landscaping estimate does not clearly indicate that new sunflower plants were included in the estimate. The estimate was for yard clean-up and included planting sunflowers; however, it did not indicate that the sunflowers would be provided by the landscaping company. Further, Smith calculated the cost of purchasing sunflower plants separately from the estimate for the yard clean-up, indicating that the cost of purchasing the sunflowers to be planted was not included in the estimate for the yard clean-up. Although the estimate stated that labor and materials were included, the superior court reasonably found that this referred to the regular materials used to complete the work—landscaping equipment—rather than the plants, a finding that is consistent with Smith's testimony that replacing the sunflowers was a separate cost. Therefore, the record shows that substantial evidence supports a reasonable basis for ordering restitution for both the cost of the plants and the landscaping.

Second, the superior court's finding that restitution should include the cost of replacing 60 sunflower plants was directly supported by Smith's testimony that Wilkins destroyed two 60-foot-long rows of sunflowers containing approximately 60 plants. Despite Wilkins' contentions that photographs did not show 60 destroyed plants, Smith testified that the photos did not show all the destroyed plants and that there had been 60 sunflower plants. Smith's testimony provided substantial, credible evidence supporting the superior court's determination that restitution should include the cost of 60 sunflower plants. Therefore, the record shows that substantial evidence supports a reasonable basis for the superior court's order setting restitution.

B.    SCRIVENER'S ERROR

Wilkins also argues that the State incorrectly calculated the total amount of restitution in the order setting restitution. The State concedes the order setting restitution contains a scrivener's error in the restitution amount.

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention as expressed in the record. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The remedy for a scrivener's error is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

Here, the superior court awarded $1,136.10 for the landscaping, $1,297.80 for the sunflower plants, $270.06 for the ladder, and $26.94 for the pea plants, which equals a total amount of $2,730.90. However, the order setting restitution incorrectly reflects a total amount of $2,839.21. We accept the State's concession that this is a scrivener's error and remand to the trial court to correct the order setting restitution.

CONCLUSION

The restitution amount imposed by the superior court was supported by substantial evidence. Therefore, we affirm the restitution imposed by the superior court, but remand to the superior court to correct the scrivener's error in the amount of restitution reflected in the order setting restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.